977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Emmanuel Emeka ODUKWE, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-1037.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 22, 1992
 
 On Petition for Review from the Board of Immigration Appeals.
 Laurence F. Johnson, Ronald D. Richey, L. Johnson & Associates, P.C., Wheaton, Maryland, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Mark C. Walters, Assistant Director, Ann Varnon Crowley, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.
 BIA
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Emmanuel Emeka Odukwe appeals from a decision of the Board of Immigration Appeals ("BIA") affirming the deportation order of the Immigration Judge ("IJ"). We affirm.
 
 
 2
 Odukwe was found deportable by the IJ for staying in the United States longer than permitted and violating the terms of his nonimmigrant status by working in violation of 8 U.S.C. § 1251(a)(2) and (9) (1988). Odukwe claims that when he was questioned after being arrested for violating his nonimmigrant status, he was never given his Miranda* warnings, or told of his right to counsel and his right to remain silent as required by INS regulations, 8 C.F.R. §§ 242.2(c)(2) and 287.3, and that his statement admitting the violations was coerced by the psychological intimidation of the INS agent who interrogated him. Based on these claims, Odukwe asserts that the BIA erroneously found that his statement admitting the violations should not be suppressed. Additionally, Odukwe asserts that without the coerced statement the evidence is not sufficient to support the deportation order.
 
 
 3
 We reject Odukwe's arguments that his confession should have been suppressed because he was not given Miranda warnings and because of alleged Fourth Amendment violations. The Court has made clear that the exclusionary rule does not apply in civil deportation cases, absent "egregious" constitutional violations, see INS v. Lopez-Mendoza, 468 U.S. 1032, 1049-50 (1984), and we perceive no egregious violation here.
 
 
 4
 We also reject Odukwe's claim that his confession should be suppressed because the INS did not follow agency regulations. We note that the record shows that Odukwe signed Form 263-C, which fully informs him of his right to counsel and his right to remain silent. While Odukwe claims that his signature was coerced, it is indisputable that he did, in fact, sign the form. Because of Odukwe's college education and the plain language of Form 263-C, we find that Odukwe was informed of his rights as required by regulation. Moreover, even if we were of the opinion that the INS did not follow its regulations, we would find that other evidence, including pre-custodial admissions by Odukwe and wage records, amply supported deportation.
 
 
 5
 Therefore, we affirm the BIA's decision upholding the order of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)